UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30323
_____


JULES SCHWING, on behalf of Jules B. Schwing,
Individually and as Testamentary Executor obo
Marie Landry Schwing Succession,

                                        Plaintiff-Appellant,

                        versus

NEW IBERIA BANCORP, INC.; JAMES W. SCHWING,
SR.; ERNEST FREYOU,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-2119)
_____

June 26, 1996

Before POLITZ, Chief Judge, JONES, and BENAVIDES, Circuit Judges.

By EDITH H. JONES, Circuit Judge:*

        This appeal arises from ongoing disputes between

shareholders over whether the bank owned by New Iberia Bancorp,

Inc. ought to be put up for sale.  Appellant Jules Schwing, the

minority shareholder pressing for sale, has zealously pursued

litigation in two federal district court suits to affect the

_____

        *       Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

conduct of shareholder meetings. The first suit, involving the shareholder meeting eventually held December 28, 1994, was resolved by mutual agreement with the court's assistance. The controversy on appeal here is whether the second suit was similarly resolved and rendered moot. Appellant Jules Schwing contends it was not. We disagree and affirm.

Schwing filed suit on January 6, 1995, three days after a board of directors meeting amended corporate bylaws with regard to the conduct of the next shareholders' meeting. Schwing's complaint alleged breaches of fiduciary duty by the directors under Louisiana law and breaches of proxy rules under federal law. His complaint asserted that appellees violated the proxy rules by failing to disclose their proposed amendment to the bylaws and by sending a letter to shareholders on December 29, 1994, to the effect that a shareholder proposal to create a committee to investigate possible sale of the bank had "failed" to be approved by a sufficient number of shareholders at the previous day's meeting.

District Judge Haik, sitting in for Judge Doherty, heard argument on Schwing's temporary restraining order and preliminary injunction motions a week later and denied both. No testimony was taken at the hearing, although both parties had briefed their positions. Judge Haik's order has written through it "denied" on the face of appellant's proposed order granting temporary and preliminary injunctive relief.

Judge Haik appears to have been strongly influenced by two facts. First, counsel for Schwing had completely misread the impact of the bylaw as to the deadline for submitting shareholder proposals before the next shareholder meeting. In reality, Jules Schwing had plenty of time to do what he intended to do to influence the meeting and selection of new directors. Second, Jules Schwing, himself a director, had attended the January 3 board meeting at which the complained-of bylaw was adopted, and he voted for it without objection or complaint. Judge Haik must have reasonably wondered why the adoption of a bylaw in which appellant concurred could have breached the fiduciary duty of other directors toward dissenting minority shareholders. Judge Haik concluded, in short, that there was no irreparable harm done to Jules Schwing.

Appellant nevertheless believed he was entitled to an evidentiary hearing on his complaint and so importuned Judge Doherty at the earliest possible moment.[1] Judge Doherty held a nearly three-hour telephone conference with all counsel on Schwing's "motion to reconsider," after which she denied it. In a subsequent hearing held February 13, Judge Doherty reiterated her denial of the motion to reconsider, observing that Judge Haik had three times told her that he intended to and did deny the requests

---

[1] Later, appellant attempted to amend his complaint to add a new claim based on a letter sent to the shareholders by management on January 13, 1995. Judge Doherty struck this proposed amendment, and Schwing has not explicitly briefed any error in her denial to this court. The issue is therefore deemed abandoned. Gladden v. Roach, 864 F.2d 1196, 1198 n.1 (5th Cir. 1989).

3

for temporary restraining order and preliminary injunctive relief. Judge Doherty therefore decided that the instant case was effectively dismissed, and counsel for Schwing declared that under that interpretation, "I'm out of court."

Schwing now comes to this court, seeking a hearing on the preliminary injunction and a declaration, contrary to the view of the district court, that his case is not moot. Neither of these contentions is persuasive. The order of hearing Schwing's contentions may have been somewhat irregular, in view of Judge Haik's statement that he was leaving the case for a more complete hearing before Judge Doherty, followed by Judge Doherty's conclusion that a hearing on the motions for both TRO and preliminary injunctive relief had been held by Judge Haik. Nevertheless, Schwing had nearly three hours in a teleconference on his motion for reconsideration to persuade Judge Doherty of his position, and he failed. The "irregularity" was spawned as much as anything by Schwing's initial misunderstanding of the deadlines fixed by the old and new bylaws, an error that he and his counsel should never have made.

Further, there was no need for an evidentiary hearing on the preliminary injunction. Schwing has never pointed to a single material disputed fact issue that required an evidentiary hearing to resolve. On the contrary, the events on which Schwing's complaint was based are not controverted by appellees. Only their legal significance was in dispute. Through his briefing and

4

opportunity for extensive argument to the district court, Schwing fully presented his motion for preliminary injunction. There was no denial of fair hearing on the request.

While Schwing also vigorously asserts that the case is not moot, a close reading of the record proves the opposite.

First, Schwing admits that he misunderstood the bylaw provision relating to the deadline date for shareholder proposals. That issue, the main focus of his motion for temporary restraining order, is clearly moot.

Second, his complaint concerning the December 29 letter to shareholders is no longer viable for several reasons. The controversy represented by the December 29 letter, over the formation of a shareholder committee to explore the sale of the bank, has been resolved favorably to Jules Schwing by the Louisiana Court of Appeals. <u>New Iberia Bancorp, Inc., et al v. Jules A. Schwing, et al</u> consolidated with <u>Jules A. Schwing, et al v. New Iberia Bancorp, Inc.</u>, Nos. 95-867 and 95-868 (December 6, 1995). Because Schwing won this case in state court, there is no reason for him to pursue an injunction against proxy violations on the scope of disclosure about that matter in federal court. We also note there was a serious question whether the December 29 letter might even be a proxy solicitation covered under SEC Rule 14a-9, when it plainly had nothing to do with shareholder "solicitation" or with the other matters concerning the April, 1995 shareholder meeting that Schwing has complained of. Finally, the December 29

5

letter, while aggressively asserting the bank's position that the shareholder proposal had "failed," could hardly have been "misleading"; as the bank points out, the position management took in the December 29 letter was consistent with the position espoused by the bank in the proxy materials submitted before the December 28 shareholders' meeting. Significantly, those proxy materials had been agreed to by Schwing as part of the resolution of the previous federal district court case.

Third, Schwing's attempt to amend his complaint to challenge the January 13 letter sent by the board of directors (reporting the adoption of the amended bylaw) was stricken by the court and is not before this court. As well, Schwing's oral complaint about the sale of corporate treasury shares was never properly before the district court or this court.

In short, the only matters complained of in Schwing's January 6 complaint -- relating to the January 3 amendment of the bylaws which he approved and the December 29 letter to shareholders -- have been disposed of, rendering those controversies between the parties moot. From what appears in the record, the district court has heroically managed this case and appellant's previous case to resolve repeated "failures to communicate". The district court was not, however, required to conduct an ongoing inquisition of the appellees' conduct based on every event that happened after the filing of appellant's complaint in this action. Once the specific matters charged by the complaint

6

were put in their proper context, and the parties made certain agreements relating to those matters, no further relief could be granted by the court.

The judgment of the district court is <u>AFFIRMED</u>.